# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                      No. CR 11-3180 JB

ELIZABETH GARCIA,

      Defendant.

## UNSEALED MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** comes before the Court on the Sentencing Memorandum for Defendant Elizabeth Gracia [sic], filed August 14, 2012 (Doc. 36)("Sentencing Memo."). The Court held a sentencing hearing on October 18, 2012. The primary issues are: (i) whether the Court should decrease Defendant Elizabeth Garcia's offense level two levels pursuant to the U.S.S.G. § 3B1.2(b), because she was a minor participant in the criminal activity; and (ii) whether the Court can vary downward from a guidelines sentence to Garcia's request for a sentence of 36 months once the Court finds that she meets the criteria set forth for 18 U.S.C. § 3553(f)'s safety valve provision. The Court will grant Garcia's request set forth in her Sentencing Memo. The evidence supports Garcia's assertion that she did not have any authority in the drug distribution conspiracy of which she was a part and that she was a minor participant in the criminal activity. The Court concludes that, upon finding that a defendant meets 18 U.S.C. § 3553(f)'s criteria for the safety valve provision, the Court

---

[1]In its Sealed Memorandum Opinion and Order, filed February 14, 2013 (Doc. 48)("Sealed MOO"), the Court inquired whether the parties had any proposed redactions to protect confidential information within the Sealed MOO before the Court published a public version of the Sealed MOO. See Sealed MOO at 1 n.1. The Court gave the parties ten calendar days to provide notice of any proposed redactions. See Sealed MOO at 1 n.1. The parties have not contacted the Court or made any filings within CM/ECF to indicate that they have any proposed redactions. Consequently, the Court is now re-filing the Sealed MOO in an unsealed form.

is authorized to treat the case like any other sentencing, without regard to any statutory minimum, and is thus permitted to vary from a guidelines sentence. The Court concludes that 18 U.S.C. § 3553(a)'s factors counsel in favor of granting Garcia's request to vary downward from the guidelines range of 46 to 57, to a sentence of 36 months. The Court therefore commits Garcia to the custody of the Bureau of Prisons for a term of 36 months.

## PROCEDURAL BACKGROUND

Garcia, pursuant to a Plea Agreement, filed April 4, 2012 (Doc. 31), pled guilty to the Indictment, filed December 28, 2011 (Doc. 14), charging her with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), that being possession with intent to distribute one kilogram and more of heroin. See Plea Agreement ¶ 3, at 2. The parties agree to a 3-level reduction on Garcia's offense level "so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct." Plea Agreement ¶ 10, at 5. Other than "the stipulations set forth in th[e] plea agreement," the parties "reserve their rights to assert any position or argument with respect to the sentence to be imposed." Plea Agreement ¶ 10, at 6. Garcia agrees to waive "the right to appeal [her] conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law." Plea Agreement ¶ 19, at 9.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Garcia on May 31, 2012. In the PSR, the USPO calculates Garcia's total offense level to be 23. PSR ¶ 32, at 9. The PSR applies a base offense level of 30 pursuant to U.S.S.G. §§ 2D1.1(a)(5) and (c)(4). See PSR ¶ 26, at 8. The PSR includes a 2-level downward adjustment under U.S.S.G. § 2D1.1(b)(16) for compliance with the safety-valve provisions set forth in U.S.S.G. § 5C1.2. See PSR ¶ 27, at 8. The PSR includes a 2-level downward adjustment under U.S.S.G. § 3B1.2(b) based on Garcia's minor role in the underlying criminal conduct. See PSR ¶ 28, at 9.

-2-

The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Garcia's acceptance of responsibility.  See PSR ¶ 32, at 9.  The PSR lists her criminal history category as I, based on 0 criminal history points.  See PSR ¶ 40, at 11.  The PSR calculates that an offense level of 23 and a criminal history category of I results in a guideline imprisonment range of 46 to 57 months.  See PSR ¶ 67, at 18.  The USPO notes that a 10-year statutory minimum applies to this offense under 21 U.S.C. § 841(b)(1)(A), based on the amount of drugs at issue.  See PSR ¶ 66, at 18.  The USPO asserts that, because Garcia "appears to meet the criteria set forth in 18 U.S.C. § 3553(f)," the "Court may impose a sentence within the applicable guideline range without regard to any statutory maximum sentence."  PSR ¶ 66, at 18.

In her Sentencing Memo., Garcia asserts that, because she meets the criteria set forth in U.S.S.G. § 5C1.2, the Court can sentence below the statutory minimum.  See Sentencing Memo. at 2.  She disagrees with the USPO's finding that there are no circumstances warranting a variance and she seeks a variance below the computed guidelines range of 46 to 57 months.  See Sentencing Memo. at 3.  Garcia asserts that she "was a low level currier [sic] in a conspiracy to transport and sell heroin" who got involved with the wrong people, and that the nature and circumstances of the offense thus weigh in favor of varying downward.  Sentencing Memo. at 5.  She argues that her history and characteristics also counsel in favor of varying downward, as she is a single parent with three dependant children, she was unemployed for four months before her arrest for the drug trafficking charge, and because it was "the need to provide for her family and this extended period of unemployment with no relief in sight that caused her to make the unfortunate decision to participate in this activity."  Sentencing Memo. at 6 (citing PSR ¶ 60-62, at 17).  Garcia represents that, because this crime is the first for which she has been incarcerated for an extended length of time, she has garnered a newfound respect for the law, and that a sentence of 36 months or less

provides adequate deterrence and is a just punishment.  See Sentencing Memo. at 7.  She asserts that a sentence of 36 months or less will not create an unwarranted sentencing disparity between defendants who have committed similar crimes, because she has never before engaged in drug trafficking, and because she did so here only to provide for her three dependant children.  See Sentencing Memo. at 8.  She requests that the Court therefore "impose a sentence of 36 months or less, as such a sentence would be sufficient to meet" 18 U.S.C. § 3553's requirements.  Sentencing Memo. at 8.

On August 21, 2012, the United States filed its United States' Response to Defendant's Sentencing Memorandum.  See Doc. 37("Response").  The United States argues that the nature and circumstances of the offense weigh in favor of a within-guidelines sentence of 46-57 months, because Garcia was caught trafficking a substantial amount of "A-level heroin" and concealed the heroin under the lining of her bag.  Response at 2.  The United States asserts that her family background and circumstances also do not warrant a variance downward, because she has adult children and a father who are able to help provide for her dependent children, and because "unemployment as reason behind the decision to commit a crime is not a reason to vary down from the advisory guideline range."  Response at 3.  The United States concedes that Garcia does not have a lengthy criminal history, but contends that the benefit she is receiving from the Plea Agreement is sufficient to account for her lack of criminal history.  See Response at 3.  The United States notes that, "if the Court does decide that a variance is warranted, the government would ask that the Court not vary more than two offense levels which would be a guideline range of 37 to 46 months."  Response at 3.  The United States further asserts that a sentence below the guidelines range would not reflect the seriousness of Garcia's crime, nor would it promote deterrence or respect for the law.  See Response at 4.  The United States contends that the best approach to avoid unwarranted

sentencing disparities between defendants is to adhere to a within-guidelines sentence.  See
Response at 4.  The United States thus argues that a guidelines sentence of between 46 to 57 is
appropriate and supported by § 3553(a)'s factors.  See Response at 4-5.

> The Court entered a Minute Order, filed August 28, 2012 (Doc. 38),
>
> requesting that the parties brief before, or be prepared to discuss at, the sentencing hearing on August 29, 2012, whether the Court has the authority, once it has reduced a sentence under 18 U.S.C. § 3553(f) below a mandatory minimum, to vary downward on a defendant's sentence.  The parties are directed to consult footnote 2 in the Court's opinion in United States v. Gonzalez-Lopez, No. 11-3002, 2012 WL 3150350, at *14 n.2 (D.N.M. July 27, 2012)(Browning, J.), for guidance on this matter.

Doc. 38.  Accordingly, Garcia filed her Supplemental Sentencing Memorandum to Address the
Court's Minute Order on October 1, 2012.  See Doc. 41 ("Garcia's Supplement").  She points out
that there is a telling distinction in the language that Congress used in § 3553(e), tying any sentence
below the statutory minimum to a guidelines sentence, and that used in § 355(f), which authorizes
a court to treat a mandatory minimum case like any other.  See Garcia's Supplement at 4-5 (citing
United States v. Ahlers, 305 F.3d 54, 58 (10th Cir. 2002)).  She asserts that it was Congress' intent
in using distinct language in the two provisions to distinguish the two statutory provisions, and,
where § 3553(f)'s safety valve  applies, to allow the Court to sentence as if the case was not a
mandatory minimum case.  See Garcia's Supplement at 5-6.  Garcia concludes that the language of
the United States Court of Appeals for the Tenth Circuit in United States v. Ahlers supports the
conclusion "that the sentencing Court could determine that a non-guideline sentence is available,
and after determination that a safety valve reduction is appropriate, that variance and sentence
outside of the guideline range is authorized."  Garcia's Supplement at 7.

The United States filed its United States' Supplemental Sentencing Memorandum
Addressing the Court's Minute Order on October 15, 2012.  See Doc. 44 ("United States'

Supplement"). The United States asserts that its position is the same as the position that it took in front of the Tenth Circuit in United States v. Bugarin, Appellate Case No. 07-2272, Doc. 01017567317, that a district court can vary from a guidelines sentence once it determines that the safety valve provision in 18 U.S.C. § 3553(f) applies the particular defendant. See United States' Supplement at 2. The United States notes that the Tenth Circuit in United States v. Ahlers specifically noted the difference in the language that Congress used in § 3553(e) and the language that it used in § 3553(f). See United States' Supplement at 2-3. The United States asserts that "[t]his distinction may forecast that the Tenth would hold that this Court may vary from the guidelines after Defendant has been given the benefit of 3553(f); as this appears to be part of the analysis that other courts have used in their analysis of the question." United States' Supplement at 3. The United States refers the Court to other United States Courts of Appeals' cases which have held that § 3553(f) allows a court to vary from a guidelines range sentence. See United States' Supplement at 3-4 (citing United States v. Castillo, 460 F.3d 337, 354 (9th Cir. 2006); United States v. Cardenas-Juarez, 469 F.3d 1331, 1334 (9th Cir. 2006); United States v. Boyd, 496 F. Supp. 2d 977, 985 (E.D. Ark. 2007); United States v. Duran, 383 F. Supp. 2d 1345, 1348 (D. Utah 2005)). The United States concludes that "it was the position of the government in Bugarin, and it remains so today that this Court may vary from the advisory guideline range, when warranted pursuant to 18 U.S.C. § 3553(a), once the safety valve has been applied to a defendant's sentence." United States' Supplement at 4.

At the October 18, 2012, sentencing hearing, the United States stated that it maintains that the Court may vary downward after applying the safety valve to a defendant's case, and offered to provide the Court with the United States' brief from United States v. Bugarin, Appellate Case No. 07-2272, Doc. 01017567317, in support of its position. See Transcript of Hearing at 3:4-22 (taken

October 18, 2012)(Court, Henderson)("Tr.").[2]  The Court accepted the brief, noting that it had already started a memorandum opinion and order on the issue.  See Tr. at 3:11-13 (Court).  In response to the Court's question whether Garcia had anything further to add on the issue in addition to her supplemental briefing, Garcia responded that the case law supports the Court finding that it can vary downward from a guidelines sentence after applying § 3553(f)'s safety valve.  See Tr. at 4:1-7 (Walz).  The Court stated that, in beginning Garcia's sentencing memorandum opinion and order, the Court had come to the same conclusion as the parties had, that it can vary from a within-guidelines sentence after finding that § 3553(f)'s safety valve applies.  See Tr. at 4:8-24 (Court). The Court then granted the United States' motion for a third-level downward adjustment, pursuant to U.S.S.G. § 3E1.1.  See Tr. at 5:22-23 (Court).

In support of her request that the Court vary downward from a guidelines sentence range of 46 to 57 months, to a sentence of 36 months, Garcia stated that her personal circumstances and  the effects of her conviction outside of sentencing counsel in favor of varying downward.  See Tr. at 6:20-7:16 (Walz).  She pointed out that she had never before been convicted of a crime and has lived a good life with her minor children in Phoenix, Arizona up until her arrest.  See Tr. at 6:23-7:2 (Walz).  She stated that she made a bad decision in the face of tough economic times and now will pay dearly for that decision beyond being sentenced to prison, as her green card will be revoked and she will be deported to Mexico, separated from her family here in the United States.  See Tr. at 7:9-14 (Walz).  In response to the Court's inquiry how Garcia came to a 36-month sentence, she responded that she calculated a variance downward of 2 levels, to bring her offense level to 21, corresponding with a guidelines range of 37 to 46 months, and then she rounded down to 36 months.

---

[2]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcripts may contain slightly different page and/or line numbers.

See Tr. at 8:7-12 (Walz).  She asserted that the Court should take into consideration that she provided assistance to the United States and, although the United States did not deem that the assistance rose to the level needed for a downward departure under U.S.S.G. § 5K1.1, the Court can and should take the assistance she provided into consideration in varying downward.  See Tr. at 8:13-9:1 (Walz).  The United States spoke in opposition to the variance and asserted that much of the information Garcia disclosed to authorities was minimizing her role: "[A] lot of the information that she did provide in a sense wasn't credible . . . and [she] was also dishonest about several other people . . . . " Tr. at 12:3-11 (Henderson).  The United States noted that, where its Response asked that if the Court was inclined to vary, that it not do so beyond 2 levels downward, the United States believed that Garcia is asking for a 3-level variance downward, as the lowest sentence for a 2-level downward variance is 37 months.  See Tr. at 12:15-54 (Henderson).

## LAW REGARDING 18 U.S.C. § 3553(f)

18 U.S.C. § 3553(f) provides:

(f)       **Limitation on applicability of statutory minimums in certain cases.** --
Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that --

(1)       the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2)       the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3)       the offense did not result in death or serious bodily injury to any person;

-8-

(4)      the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5)      not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).  A mandatory minimum limits a court's discretion during sentencing and restricts a court's ability to impose a sentence below the mandatory minimum.  See, e.g., United States v. De Paz, 200 F. App'x 791, 792 (10th Cir. 2006)(unpublished)[3]("However, when a defendant pleads guilty to a crime that carries a mandatory minimum sentence, the court has no discretion to do anything other than impose the sentence required by the statute."); United States v. Cummins, No. CR 06-1339 JB, 2008 WL 4821626, at *8 (D.N.M. July 1, 2008)(Browning, J.)("While the court may vary below the advisory Guideline range, the court does not have such discretion to depart or vary below the statutory minimum sentence.").  Only when Congress has provided a statutory exception to a mandatory minimum may a court impose a sentence below the mandatory minimum.  See United States v. Campbell, 995 F.2d 173, 175 (10th Cir. 1993)("When

---

       [3] United States v. De Paz is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . .  However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision."  United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that United States v. De Paz and United States v. Bugarin, 312 F. App'x 147 (10th Cir. 2009)(unpublished), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this memorandum opinion and order.

a sentence is fixed by statute, any exception to the statutory directive must also be given by statute.").

The United States Court of Appeals for the Tenth Circuit does not appear to have expressly decided whether, once a court has reduced a sentence below a mandatory minimum under 18 U.S.C. § 3553(f), a district court may also vary downward to a sentence below the guideline range.  In one of its opinions, a footnote discussion suggests that a district court may vary downward to a sentence below a guidelines sentence once it has reduced a sentence below a mandatory minimum.  See United States v. Altamirano-Quintero, 511 F.3d 1087, 1090 n.6 (10th Cir. 2007)("The safety valve, on the other hand, only permits the district court to impose a sentence below the statutory mandatory minimum sentence, but still within the advisory guideline range (absent other factors that might warrant the district court imposing a below-guideline sentence).").  For that proposition, the Tenth Circuit included a cf. citation to United States v. Belt, 89 F.3d 710 (10th Cir. 1996), nothing that the case predated United States v. Booker, 543 U.S. 220 (2005).  See United States v. Altamirano-Quintero, 511 F.3d at 1090 n.6.  In United States v. Belt, the Tenth Circuit stated: "Under 5C1.2, the court 'shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence.'  That is, although the court is directed to ignore the statutory minimums, it may not ignore the guidelines." United States v. Belt, 89 F.3d at 714 n.5.  It is worth noting that the Tenth Circuit in United States v. Altamirano-Quintero addressed the defendant's eligibility for a safety-valve reduction as opposed to whether a variance was appropriate.  See 511 F.3d at 1092-99.

. In United States v. Bugarin, 312 F. App'x 147 (10th Cir. 2009)(unpublished), the Tenth Circuit stated the following: "Although we requested supplemental briefing on the issue, we need not decide whether a district court has authority to vary from a within-Guidelines sentence when

safety valve relief applies under 18 U.S.C. § 3553(f) because the district court in this case did not

vary." 312 F. App'x at 152 n.6. The relevant portion of 18 U.S.C. § 3553(f) that likely gave the

Tenth Circuit's concern is as follows:

> Notwithstanding any other provision of law, in the case of an offense under section
> 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or
> section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C.
> 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by
> the United States Sentencing Commission under section 994 of title 28 without
> regard to any statutory minimum sentence, if the court finds at sentencing, after the
> Government has been afforded the opportunity to make a recommendation, that [the
> safety-valve provisions apply].

18 U.S.C. § 3553(f) (emphasis added). The Court has, in the past, noted when interpreting 18

U.S.C. § 3553(f):

> Based on that language, it may be that a district court does not have the authority, in
> a case involving 18 U.S.C. § 3553(f), to vary downward beyond the applicable
> advisory guideline range. Cf. United States v. Cousins, 455 F.3d 1116, 1123 (10th
> Cir. 2006)("If the district court makes these five findings [under 18 U.S.C.
> § 3553(f)], the defendant is eligible instead for the range proscribed by the United
> States Sentencing Guidelines."). But see United States v. Ahlers, 305 F.3d 54, 59
> (1st Cir. 2002)("Thus, section 3553(f) demonstrates Congress's ability to deploy
> unambiguous statutory language when it intends to authorize sentencing judges to
> ignore the limitations imposed by statutory minimum sentences and treat a
> 'mandatory minimum' case like any other."); United States v. A.B., 529 F.3d 1275,
> 1284 (10th Cir. 2008)(quoting in dicta the holding in United States v. Ahlers).

United States v. Gonzalez-Lopez, No. CR 11-3002 JB, 2012 WL 3150350, at *14 n.2 (D.N.M. July

27, 2012)(Browning, J.).

The Tenth Circuit has interpreted 18 U.S.C. § 3553(e), a different statute that permits a

sentence reduction below a mandatory minimum, as forbidding a district court from varying

downward after reducing a sentence below a mandatory minimum under subsection (e):

> According to A.B., once the government moved for a substantial assistance
> downward departure, which would have resulted in a below-mandatory minimum
> sentence, the district court also was obligated to consider granting a variance under
> § 3553(a) to further decrease the sentence below the otherwise mandatory threshold.

This argument is inconsistent with our decision in Campbell, where we held that only substantial assistance considerations may support a downward departure below a mandatory minimum sentence pursuant to § 3553(e).  Campbell, 995 F.2d at 175.

In Campbell, the defendant was convicted of conspiring to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and thus was subject to a ten-year mandatory minimum sentence under § 841(b)(1)(A).  After the government moved for a downward departure based on his substantial assistance, the defendant moved for an additional downward departure based on his diminished capacity pursuant to U.S.S.G. § 5K2.13.  In affirming the district court's refusal to grant the defendant's motion, we noted that "[w]hen a sentence is fixed by statute, any exception to the statutory directive must also be given by statute."  995 F.2d at 175.  As embodied in § 3553(e), we interpreted the mandatory minimum exception to relate to only factors bearing on the defendant's substantial assistance.  Accordingly, we concluded: "The mandatory language of 21 U.S.C. § 841(b)(1)(A), and the expressly limited exception granted in 18 U.S.C. § 3553(e), convince us that a downward departure from the statutory minimum sentence for any purpose other than that provided in U.S.S.G. § 5K1.1 would conflict with and therefore violate the statute."  Id.

A.B.'s response to Campbell -- predicated on United States v. Booker, 543 U.S. 220 . . . (2005) -- is stated succinctly in his brief: "Because Campbell relied on the mandatory nature of the guidelines, and addressed only 'departures' and not reasonable sentences under § 3553(a), it no longer has the force of law after Booker."  Aplt. Op. Br. at 11.  Although we have not had occasion to address the post-Booker vitality of Campbell, the Eighth Circuit reviewed essentially the same issue in United States v. Williams, 474 F.3d 1130 (8th Cir. 2007).  It concluded that "[n]othing in the reasoning of Booker expands the authority of a district court to sentence below a statutory minimum."  474 F.3d at 1132.  Because it concluded that this authority under § 3553(e) was limited to consideration of substantial assistance factors, the Eighth Circuit rejected defendant's contention that the district court was permitted to "reduce the sentence further based on factors, other than assistance, set forth in 18 U.S.C. § 3553(a)."  Id. at 1130.

The Williams court relied upon the text of the statute.  Significantly, it noted that the first textual sentence of the statute expressly defines the sentencing court's limited authority: the court may impose a below-mandatory minimum sentence "only 'so as to reflect a defendant's substantial assistance.'"  Id. at 1132 (quoting § 3553(e)).  The sentencing court exceeds its limited authority to grant the departure if it considers other factors, such as the defendant's history and characteristics pursuant to § 3553(a).  Id.  Further, the second textual sentence "refers back to the penal sentence contemplated in the first textual sentence, and thus 'restricts the court's reference to those guidelines and policy statements that bear directly upon the desirability and extent of a substantial assistance departure.'"  Id. (quoting United States v. Ahlers, 305 F.3d 54, 61 (1st Cir. 2002)).

-12-

Turning to Booker, the Williams court noted that the Supreme Court's cure for the constitutional infirmity of the mandatory Guidelines system pertained to the scope of a district court's sentencing discretion under the Guidelines; it did not cast constitutional doubt on statutory mandatory minimums. Id. at 1132. Specifically, the court stated that under Booker "a district court is authorized to consider the factors set forth in § 3553(a), and to vary from the sentence otherwise indicated by the sentencing guidelines. But Booker did not question the constitutionality of statutory mandatory minimums. . . ." Id. Therefore, it reasoned, because of the continued constitutionality of mandatory minimum sentences, and necessarily concomitant of congressional restrictions on a sentencing court's authority to go below such statutory minimums, "the remedial holding of Booker does not impact the pre-existing limitation embodied in § 3553(e)." Id.

This reasoning of Williams is persuasive and strongly militates in favor of the continuing vitality of Campbell.

United States v. A.B., 529 F.3d 1275, 1281-82 (10th Cir. 2008)(emphasis in original)(footnotes omitted).

To address the defendant's argument in United States v. A.B., the Tenth Circuit also contrasted 18 U.S.C. § 3553(f) with 18 U.S.C. § 3553(e). The Tenth Circuit found "A.B.'s reliance . . . on cases interpreting § 3553(f), the 'safety valve' provision, misplaced." 529 F.3d at 1283. The Tenth Circuit found cases interpreting 18 U.S.C. § 3553(f) to be "inapposite," because "those cases are focused on an entirely different question than the one before us: that is, whether the Guidelines range should be deemed binding when a sentencing court is freed from the constraint of the mandatory minimum sentence by the safety valve provision." 529 F.3d at 1283-84. The Tenth Circuit elaborated:

Furthermore, it is clear that "Congress had different plans in mind for the operation and effect" of § 3553(f) and § 3553(e). [United States v. Ahlers, 305 F.3d 54,] 59 [(1st Cir. 2002)]; see United States v. Altamirano-Quintero, 511 F.3d 1087, 1090 n.6 (10th Cir. 2007)(discussing the legal regimes of § 3553(f) and § 3553(e), and noting "[a]lthough these statutory and guideline provisions provide two methods by which a defendant can avoid a statutory mandatory minimum sentence, these two methods provide very different means to do so"). Comparing § 3553(f) with § 3553(e), the First Circuit in Ahlers noted, "the conclusion is inescapable that the language Congress used in these two sections differs radically-and that the difference

-13-

hardly can be dismissed as a mere fortuity." <u>Id</u>. at 58.

Specifically, § 3553(f) requires the district court to disregard the mandatory minimum sentence when certain conditions are met. <u>Id</u>. at 59. The statute "demonstrates Congress's ability to deploy unambiguous statutory language when it intends to authorize sentencing judges to ignore the limitations imposed by statutory minimum sentences and treat a 'mandatory minimum' case <u>like any other</u>." <u>Id</u>. (emphasis added). In contrast, § 3553(e) "speaks in much more circumspect terms." <u>Id</u>. It "retains the mandatory minimum as a reference point for a specific, carefully circumscribed type of departure." <u>Id</u>. Section 3553(e) "opens the door for a departure below the otherwise applicable mandatory minimum -- but only those reasons related to the nature and extent of the defendant's substantial assistance can figure into the ensuing sentencing calculus." <u>Id</u>. at 60. In other words, unlike under § 3553(f), upon granting a § 3553(e) downward departure, a district court is not at liberty to treat the case "like any other," but rather must focus only on substantial assistance considerations. As with the defendants in <u>Ahlers</u>, A.B. offers "no explanation" for why statutes that evince the kind of significant differences exhibited by § 3553(f) and § 3553(e) "should be deemed to march in lockstep." <u>Id</u>. at 59. And we discern no such explanation. In sum, A.B.'s § 3553(f) cases are inapposite and his reliance on them is misplaced.

529 F.3d at 1284.

The United States Court of Appeals for the Third Circuit has also followed the United States Court of Appeals for the First Circuit's decision in <u>United States v. Ahlers</u>, 305 F.3d 54 (1st Cir. 2002). In a similar procedural posture as the Tenth Circuit's decision in <u>United States v. A.B.</u>, the Third Circuit had to address the "authority that § 3553(e) grants to district courts." <u>United States v. Winebarger</u>, 664 F.3d 388, 393 (3d Cir. 2011). The Third Circuit emphasized that 18 U.S.C. § 3553(f) contains language indicating that Congress intended to provide a district court greater discretion than it would have under 18 U.S.C. § 3553(e), specifically that a district court "shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission . . . <u>without regard to any statutory minimum sentence</u>." 664 F.3d at 393 (emphasis in original). Quoting from the First Circuit, the Third Circuit stated: "[S]ection 3553(f) demonstrates Congress's ability to deploy unambiguous statutory language when it intends to

authorize sentencing judges to ignore the limitations imposed by statutory minimum sentences and treat a mandatory minimum case like any other." 664 F.3d at 393 (quoting United States v. Ahlers, 305 F.3d at 59)(internal quotation marks omitted). The Third Circuit found that "[t]his sweeping 'without regard' language stands in marked contrast to the 'so as to reflect' language of § 3553(e), which is more circumscribed." 664 F.3d at 393-94. Relying on the Tenth Circuit's decision in United States v. A.B., the Third Circuit found: "While § 3553(f) instructs district courts to disregard a statutory minimum in appropriate circumstances, § 3553(e) retains the statutory minimum as a reference point and explicitly notes the factor that such a divergence from the reference point should reflect." 664 F.3d at 394 (citing United States v. A.B., 529 F.3d at 1284).

While the Tenth Circuit has not been squarely presented with the issue, the Court concludes that it would find that variances are appropriate even after a reduction to a sentence below a mandatory minimum under 18 U.S.C. § 3553(f). In two of its decisions, United States v. A.B. and United States v. Altamirano-Quintero, its discussion indicated that it would adopt this position -- although neither Tenth Circuit panel in either case had to decide that issue. Furthermore, both First and Third Circuit authority supports this position. Most importantly, 18 U.S.C. § 3553(f)'s language supports this conclusion. "Statutory construction must begin with the language employed by [the writer] and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 194 (1985). In determining the meaning of a statute, courts look to the statute as a whole. See United States v. Atl. Research Corp., 551 U.S. 128, 135 (2007). When a statute includes particular language in one section of a statute, but omits it in another section of the same act, courts generally presume that the drafter of the statute acted intentionally and purposefully in the including the language in one provision and omitting it from another. See Burlington N. & Santa Fe. Ry. Co. v. White, 548 U.S.

53, 62-63 (2006).  When interpreting a criminal statute, "it must be strictly construed, and any ambiguity must be resolved in favor of lenity."  Scheidler v. Nat'l Org. for Women, Inc., 537 U.S. 393, 408 (2003).

The relevant language from 18 U.S.C. § 3553(f) provides:

> (f)     **Limitation on applicability of statutory minimums in certain cases.** --
> Notwithstanding any other provision of law, in the case of an offense under
> section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841,
> 844, 846) or section 1010 or 1013 of the Controlled Substances Import and
> Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant
> to guidelines promulgated by the United States Sentencing Commission
> under section 994 of title 28 without regard to any statutory minimum
> sentence, if the court finds at sentencing, after the Government has been
> afforded the opportunity to make a recommendation . . . .

18 U.S.C. 3553(f).  In comparison, 18 U.S.C. § 3553(e) provides:

> (e)     **Limited authority to impose a sentence below a statutory minimum.** --
> Upon motion of the Government, the court shall have the authority to impose
> a sentence below a level established by statute as a minimum sentence so as
> to reflect a defendant's substantial assistance in the investigation or
> prosecution of another person who has committed an offense.  Such sentence
> shall be imposed in accordance with the guidelines and policy statements
> issued by the Sentencing Commission pursuant to section 994 of title 28,
> United States Code.

18 U.S.C. § 3553(e).  As the First Circuit correctly notes, the "so as to reflect a defendant's substantial assistance" language in subsection (e) limits the clause providing a district court with "the authority to impose a sentence below a level established by a statute as a minimum sentence." 18 U.S.C. § 3553(e).  See United States v. Ahlers, 305 F.3d at 59 ("Significantly, that textual sentence limits the authority to depart to the extent necessary 'so as to reflect a defendant's substantial assistance. . . . '").  In comparison, 18 U.S.C. § 3553(f) provides that a court shall impose a sentence, upon satisfaction of the safety-valve requirements, "without regard to any statutory minimum sentence."  18 U.S.C. § 3553(f).  Given the difference in language between these two

statutes, particularly the broader language in subsection (f), a court would presume that Congress intended different results with each subsection. See Burlington N. & Santa Fe. Ry. Co. v. White, 548 U.S. at 62-63. Furthermore, the First and Third Circuit have reached this conclusion when interpreting these two statutes. See United States v. Winebarger, 664 F.3d at 393-94 ("This sweeping 'without regard' language stands in marked contrast to the 'so as to reflect' language of § 3553(e), which is more circumscribed."); United States v. Ahlers, 305 F.3d at 59 ("The sharp divergence between these regimes leads inexorably to the conclusion that Congress had different plans in mind for the operation and effect of the two provisions.").

While subsection (f) also states that the sentence shall be "pursuant to [the] guidelines," the Tenth Circuit has explained that the operative question that language raises is whether the guidelines are "deemed binding when a sentencing court is freed from the constraint of the mandatory minimum sentence by the safety valve provision." United States v. A.B., 529 F.3d at 1283-84. The statutory language says only that the sentence must be pursuant to the guidelines, not that it must be within the guidelines. When interpreting a criminal statute, "it must be strictly construed, and any ambiguity must be resolved in favor of lenity." Scheidler v. Nat'l Org. for Women, Inc., 537 U.S. at 408. And the Supreme Court has held in United States v. Booker that the guidelines are advisory. Thus, the Court concludes that, once it has reduced a sentence below a statutory minimum under 18 U.S.C. 3553(f), it may also vary downward on a defendant's sentence.

## ANALYSIS

There being no objections to the PSR, the Court adopts the PSR's factual findings as its own. The Court will grant a 2-level decrease in Garcia's offense level based on her minor role in the offense for which she is convicted. The Court concludes that the safety valve applies to Garcia, because she meets the criteria set forth in 18 U.S.C. § 3553(f). The Court will thus "impose a

sentence . . . without regard to any statutory minimum sentence," 18 U.S.C. § 3553(f), and will vary

downward to a sentence of 36 months imprisonment.

## II.     THE COURT CONCLUDES THAT GARCIA PLAYED A MINOR ROLE IN THE CRIMINAL ACTIVITY FOR WHICH SHE IS CONVICTED.

The Court grants a 2-level downward adjustment under U.S.S.G. § 3B1.2(b) based on

Garcia's minor role in the underlying criminal conduct.  Section 3B1.2 "provides a range of

adjustments for a defendant who plays a part in committing the offense that makes him substantially

less culpable than the average participant."  U.S.S.G. § 3B1.2 cmt. n.3(A).  Subsection (b) covers

a defendant who "is less culpable than most other participants, but whose role could not be described

as minimal."  U.S.S.G. § 3B1.2 cmt. n.5.  "The determination whether to apply subsection (a) or

subsection (b), or an intermediate adjustment, is based on the circumstances and involves a

determination that is heavily dependent upon the facts of the particular case."  U.S.S.G. § 3B1.2 cmt.

n.3(C).  In addition to the circumstances of the particular case, "'a sentencing court may consider

the underlying scheme, as opposed to merely the offense of conviction, in determining role in the

offense adjustments' under Chapter 3, Part B of the sentencing guidelines."  United States v. Harfst,

168 F.3d 398, 403 (10th Cir. 1995)(quoting United States v. Saucedo,  950 F.2d 1508, 1513 (10th

Cir. 1991)).  The Tenth Circuit has held that the inquiry whether a defendant is a minor or minimal

participant must "focus upon the defendant's knowledge or lack thereof concerning the scope and

structure of the enterprise and of the activities of others involved in the offense."  United States v.

Salazar-Samaniega, 361 F.3d 1271, 1277 (10th Cir. 2004).  "When culpability must be weighed,

evidence must exist of other participants and their role in the criminal activity."  United States v.

Arrendodo-Santos, 911 F.2d 424, 426 (10th Cir. 1990).

Courts around the county, including the Tenth Circuit, have uniformly held that a

defendant's alleged status of a courier does not automatically entitle a defendant to a downward adjustment under U.S.S.G. § 3B1.2.  See, e.g., United States v. Harfst, 168 F.3d at 402-03 ("There is no per se rule in this circuit that couriers are minor or minimal participants.")(citing United States v. Ballard, 16 F.3d 1110, 1116 (10th Cir. 1994)); United States v. Santos-Garcia, 313 F.3d 1073, 1081 (8th Cir. 2002) ("'A role as a courier does not automatically entitle a defendant to a downward adjustment.'")(quoting United States v. Alverez, 235 F.3d 1086, 1090 (8th Cir. 2000)); Ajala v. United States Parol Comm'n, 997 F.2d 651, 656 (9th Cir. 1993)("[T]he mere fact that a defendant acted as a drug carrier does not mean that [the defendant's] role was minimal or minor.")(citing United States v. Lui, 941 F.2d 844, 849 (9th Cir. 1991)).  In the Tenth Circuit specifically, courts have been reluctant to grant a downward adjustment based solely upon the defendant's status as a courier.  See United States v. Arrendondo-Santos, 911 F.2d at 426 (holding that the district court did not err in refusing downward adjustment under U.S.S.G. § 3.B1.2 for a defendant who was a courier)("When a crime is committed by two or more persons, one will almost always have a different level of participation. . . . The services or contribution of each may be indispensable to the completion of the crime.").  As the Tenth Circuit has noted, couriers are essential participants in a drug-trafficking organization:

> A drug-smuggling operation has many participants; some may purchase, some may transport, some may distribute, and some may sell. All are indispensable to the operation. It would be unproductive to debate which function is the more culpable. . . . The mere fact that a defendant is a courier in a drug-smuggling operation does not entitle that defendant to be classified as a minimal participant.

United States v. Calderon-Porras, 911 F.2d 421, 423 (10th Cir. 1990).  See United States v. Arrendondo-Santos, 911 F.2d at 426 ("Couriers are indispensable to any drug-dealing network."). In determining whether the facts of the particular case counsel for granting a downward adjustment for a defendant whose participation in the criminal activity amounted to a courier, courts should look

toward whether the defendant has a greater or a lesser amount of knowledge than the average courier. See United States v. Ludwig, 641 F.3d 1243, 1255 (10th Cir. 2011)(upholding the denial of a downward adjustment under U.S.S.G. § 3B1.2 and concluding: "[W]e are offered no reason or precedent suggesting that the court's factual assessments -- about the knowledge possessed by 'average' couriers and [the defendant] -- clearly erroneous").

The USPO concluded here that the circumstances of Garcia's conduct in the offense, and the evidence of the drug trafficking organization of which she was a part, supports finding that she was a minor participant. The USPO notes that "Garcia was recruited by other individuals to transport a quantity of heroin. . . . Ms. Garcia does not appear to have had any say or direction over other participants or the delivery of the heroin." PSR ¶ 29, at 9. The USPO thus asserts that she was a minor participant in the offense. In addition to the USPO's findings, Garcia's lack of criminal history, and her representations in her Sentencing Memo. and at the hearing that she made a bad decision to participate as a courier, support finding that she played a minor role in the offense. The Court thus concludes that she was a minor participant in the offense of conviction and grants a 2-level decrease in her offense level pursuant to U.S.S.G. § 3B1.2(b).

Garcia, because she was convicted of possession with intent to distribute 1.45 kilograms of heroin, begins with a base offense level of 30 pursuant to U.S.S.G. §§ 2D1.1(a)(5) and (c)(4). Granting the 2-level decrease pursuant to U.S.S.G. § 3B1.2(b) because of her minor role in the offense takes her offense level to 28. The Court will grant a third-level decrease under U.S.S.G. § 3E1.1 based on Garcia's acceptance of responsibility. See PSR ¶ 32, at 9. The Court additionally finds that Garcia meets the factors for a 2-level downward adjustment under U.S.S.G. § 2D1.1(b)(16) for compliance with the safety-valve provisions set forth in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). This 2-level reduction brings Garcia's offense level to 23. The PSR lists her

criminal history category as I, based on 0 criminal history points.  See PSR ¶ 40, at 11.  Garcia's final offense level of 23 and a criminal history category of I results in a guideline imprisonment range of 46 to 57 months.

## II.   THE COURT WILL VARY DOWNWARD TO A SENTENCE OF 36 MONTHS IMPRISONMENT.

Based on the amount of drugs Garcia is convicted of possessing with the intent to distribute, a 10-year statutory minimum applies to this offense under 21 U.S.C. § 841(b)(1)(A).  Garcia meets the criteria set forth in 18 U.S.C. § 3553(f), however.  As 18 U.S.C. § 3553(f) specifically provides that a district court "shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission . . . without regard to any statutory minimum sentence" the Court concludes that it is "at liberty to treat the case 'like any other'. . . . " United States v. A.B., 529 F.3d at 1284. The Court believes that a sentence of 36 months with two years of supervised release adequately reflects the seriousness of the crime that Garcia committed, and will promote respect for the law, provide just punishment, and afford adequate deterrence. While the sentence varies substantially from the suggested range under the Sentencing Guidelines, it is a more reasonable sentence and more faithfully promotes the sentencing goals Congress laid down in 18 U.S.C. § 3553(a) than a sentence in the guidelines range.

The Court has carefully considered the parties' arguments in this case and Garcia's circumstances. The Court notes that Garcia possessed with intent to distribute 1.47 kilograms heroin aboard a Greyhound bus. The Court has identified several factors that counsel in favor of varying downward. The first factor is Garcia's role as a low-level courier; there is no evidence that she created the conspiracy or developed the plan for the conspiracy. There is also no evidence she was involved in the decision regarding the amount of drugs she would deliver or to which locations she

would deliver them.  She thus played a minor role in this offense.  A related factor that weighs in favor of varying downwards is that Garcia appears to have been doing alright in Phoenix, but ran into trouble with her employment and was unemployed for four months at the time she agreed to be a courier in the offense.  While many defendants come before the Court representing that economic hardships drove them to their criminal activity, not many of those defendants have Garcia's lack of criminal history.  Additionally, Garcia was not only under the burden of caring for herself while unemployed for a period of four months, but she had three dependant minor children at home for whom she had to provide.  She was desperate for money and she got involved in this drug trafficking activity.  An additional factor is that, given Garcia's lack of criminal history, three years' imprisonment is a significant sentence and adequately reflects the seriousness of the offense.  Finally, beyond her imprisonment, Garcia faces additional consequences because of her conviction for this drug trafficking offense.  She will lose her legal status in the United States and be deported to Mexico, away from her family and away from her home in Phoenix.

A sentence within the guidelines range would be excessive and would contravene Congress' command that courts impose sentences that are sufficient but not greater than is necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.).  The Court recognizes the seriousness of the offense Garcia committed, but believes that the 36-month sentence it imposes is a long sentence for a person who has never before been convicted of a crime or faced extended imprisonment.  This sentence should provide adequate deterrence to Garcia in light of her having no criminal history points, and only having been arrested once before the crime.  The nature of Garcia's role in the offense as a courier in the drug transaction and her history suggesting that she participated as a matter of last resort indicate that she is not a substantial danger to the public, and

this sentence thus adequately protects the public.  The variance  avoids unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, as few defendants facing the statutory 10-year minimum in 18 U.S.C. § 841 have a similar background and criminal history. The sentence that the Court imposes varies from the guidelines, but in these circumstances, the sentence imposed more effectively promotes the goals outlined in 18 U.S.C. § 3553(a).   The Court believes that this sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). Moreover, a longer sentence would be unnecessarily punitive and would not serve any useful purpose.  While the Court's task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).") (citation omitted), the Court believes that this sentence is a more reasonable sentence than a guideline sentence. And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary, to comply with the purposes of punishment set forth in the Sentencing Reform Act of 1984.  The Court concludes that Garcia has proposed an appropriate sentence for her crime.  The Court thus sentences Garcia to 36-months imprisonment with two years of supervised release.

**IT IS ORDERED** that the request set forth in the Sentencing Memorandum for Defendant Elizabeth Gracia [sic], filed August 14, 2012 (Doc. 36) is granted.  Defendant Elizabeth Garcia is committed to the custody of the Bureau of Prison for a term of 36 months.

-23-

UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Shammara Henderson
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Jerry A. Walz
Walz and Associates
Albuquerque, New Mexico

      *Attorneys for the Defendant*